Filed 11/24/20  P. v. Snider CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAMES PAUL SNIDER,<br><br>    Defendant and Appellant. | G058947<br><br>(Super. Ct. No. 05HF0548)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Kimberly Menninger, Judge.  Affirmed.

Laura P. Gordon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

We appointed counsel to represent James Paul Snider on appeal. Counsel filed a brief that set forth the facts of the case. Counsel did not argue against her client but advised the court she found no issues to argue on Snider's behalf.

Counsel filed a brief following the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). The court in *Wende* explained a *Wende* brief is one that sets forth a summary of proceedings and facts but raises no specific issues. Under these circumstances, the court must conduct an independent review of the entire record. When the appellant himself raises specific issues in a *Wende* proceeding, we must expressly address them in our opinion and explain why they fail. (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 120, 124.

Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), to assist the court with its independent review, counsel provided the court with information as to issues that might arguably support an appeal. Counsel raised the following issues: (1) whether the trial court erred by denying Snider's petition for relief pursuant to Penal Code section 1170.95[1]; (2) whether the court erred by failing to appoint counsel to represent Snider in his petition; (3) whether the court should have granted the relief requested in Snider's motion to vacate his conviction based on newly discovered evidence and/or recall his sentence pursuant to section 1170.91; and (4) whether the trial court erred by failing to appoint counsel to represent Snider in his motion to vacate his conviction based on newly discovered evidence and/or recall his sentence pursuant to section 1170.91.

We gave Snider 30 days to file written argument on his own behalf. Thirty days have passed, and Snider has not filed any written argument.

---

[1] All further statutory references are to the Penal Code.

We have independently reviewed in accordance with our obligations under *Anders.* We found no arguable issues on appeal. We affirm the judgment.

FACTS

In December 1983, the victim was found dead in his hotel room due to blunt force trauma. A shattered toilet tank lid was determined to be the probable weapon. In June 2004, after DNA recovered from the scene was found to match Snider's DNA, California detectives interviewed Snider in Michigan. Snider admitted killing the victim. Snider claimed he hit the victim over the head with the toilet tank lid because the victim had sexually molested him.

An information charged Snider with murder (§ 187, subd. (a). A jury convicted Snider of second-degree murder. The trial court sentenced Snider to an indeterminate sentence of 15 years to life. We affirmed Snider's conviction. (*People v. Snider* (Feb. 29, 2008, G037131,) [nonpub. opn.].)

In January 2020, Snider submitted a petition for resentencing pursuant to section 1170.95 alleging he was convicted of second degree murder under the natural and probable consequences doctrine or under the second degree felony-murder doctrine and could not now be convicted of murder due to changes in section 188 which took effect on January 1, 2019. In February 2020, Snider submitted a motion to vacate the verdict based on newly discovered evidence pursuant to section 1181, subdivision (b), a request to recall his sentence for resentencing pursuant to section 1170.91, and a request for appointment of counsel.

The trial court denied Snider's section 1170.95 petition stating as follows: "The petition does not set forth a prima face case for relief under the statute. A review of court records indicates defendant is not eligible for relief under the statute because the defendant does not stand convicted of murder or defendant's murder conviction(s) is not

3

based on felony-murder or on a natural and probable consequences theory of vicarious liability for aiders and abettors."

The record before us does not include rulings on Snider's motion to vacate the verdict based on newly discovered evidence, his request to recall his sentence for resentencing pursuant to section 1170.91, or his request for appointment of counsel. Snider filed a notice of appeal from the trial court's order denying his section 1170.95 petition.

## DISCUSSION

We have reviewed the record in accordance with our obligations under *Wende* and *Anders* and considered the issues listed by counsel. We find no arguable issues on appeal.

## DISPOSITION

The postjudgment is affirmed.


O'LEARY, P. J.

WE CONCUR:


ARONSON, J.


FYBEL, J.